Edmonds, J.
 

 (Dissenting)
 
 — I fully concur with the supreme court, in the conclusion at which they arrived in this case, and in the reasons which have conducted them to that conclusion.
 

 There is, however, another consideration, not adverted to by that court, which has its influence with me; and that is, that the instrument on which this suit is brought is not a draft or bill of exchange, but a check. The whole argument of the appellant is based on the idea that it is a bill of exchange, because it answers *the general description of such an instrument, being [ *418 “a written order or request, by one person to another, for the payment of money, absolutely, and at all events.” This definition, being equally applicable to a check and a bill of exchange, would necessarily abolish all distinc
 
 *396
 
 tian between them; yet nothing is better settled, than that there is a marked difference between them, both as to their nature and effect. These incidents characterize a check: it must always be drawn on a banker; it must be payable on demand; it has no days of grace; and it need not be presented for acceptance, and, consequently, no protest for non-acceptance is necessary to hold the drawer. If any one of these incidents be wanting, the instrument is not a check, but if all unite (as they do in this case), it is. (2 Story 513; 3 Kent’s Com. 104, note
 
 a.)
 

 These principles are well recognised in the English courts, and even in their statutes, which have put a restriction upon checks, which deprives them of this character, unless drawn upon a banker within fifteen miles of the residence of the drawer. But we have no such restriction here, and when all the incidents unite, the instrument is a check, no matter what the residence: of the parties. When the instrument is a check, it is an -absolute appropriation of so much money, in the hands of the banker to the holder of the check, and there it ought to remain, till called for, and the .drawer has no reason to complain, unless upon the intermediate failure of the banker.' (3 Kent’s Com. 104, note
 
 a; Cruger
 
 v.
 
 Armstrong,
 
 2 Johns. Cas. 5;
 
 Little
 
 v.
 
 Phœnix Bank,
 
 2 Hill 430; 2 Story 516.)
 

 Upon the remaining point there is also a consideration not dwelt upon below, and that is, what-was the intention, and, consequently, the duty of the parties ? . The intention of the plaintiff clearly was, that the $500 should be a special deposit with the Canal Bank for a specific purpose, and it was the duty of the bank, upon receiving the check, either to return it and decline the task imposed upon it, or if it retained it, then, instantly to transfer that sum from the account of the drawers of-the check, and place it to the account of the owner of it, for the special *purpose mentioned. By retaining 4iy J the check, the Canal Bank undertook,-to carry
 
 *397
 
 out the intentions of the plaintiff, and those intentions clearly were, to have that money put aside for a specific purpose, or, in other words, to have it made a special deposit. I think, the judgment should be affirmed.
 

 Judgment reversed.1